## Johnson v. Cooper

*Richard J. van Roden*, for petitioner.

*Arnold Machles, of Snyder & Lowenschuss*, for respondents.

GOLD, P. J., November 16, 1964.—This matter deals with a petition to dissolve an attachment execution on the basis that the Act of May 17, 1921, P. L. 789, as amended March 22, 1956, P. L. 1328, sec. 2, 40 PS §202, provides that an attachment may not be brought against a defunct insurance company following a suspension order of the Insurance Commissioner.

There are eight different grounds upon which an insurance company may be suspended. However, only in the case of the two grounds set forth does the legislature cut off the right of action against the suspended company or its properties. The relevant language of the statute states the following:

"From the date of such suspension on the ground that the suspended organization is insolvent, or is in such condition that its further transaction of business will be hazardous to its policyholders or to its creditors or to the public, no action at law or equity shall be commenced or prosecuted nor shall any judgment be . . . issued or prosecuted against the suspended company . . . or against its property in any court of this Commonwealth".

A search of the pleadings fails to show upon what ground or grounds said company was suspended. Therefore, the court cannot determine under the aforementioned statute whether or not a right of action against the suspended company or its property has been curtailed due to the reason for suspension as set forth above.

Further, plaintiffs' new matter states that the Insurance Commissioner has abandoned any property of the suspended company in petitioner's possession. The court cannot make a determination of a case when the facts of the case are not uncontroverted. In the case at bar, facts are in dispute.

Accordingly, the rule to show cause why the attachment execution against garnishee, Peerless Insurance Company, should not be dissolved is discharged.